UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SMOTHERS,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

Case No. 1:06-CV-119

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order, or in the Alternative, Preliminary Injunction. As discussed below, Plaintiff's motion is **denied**.

Plaintiff asserts that in response to filing the present action, prison officials are threatening to transfer him to another correctional facility. Plaintiff requests injunctive relief providing that prison officials "obtain this Court's permission" before transferring Plaintiff to another facility.

To obtain injunctive relief, the movant must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted); *see also*, *Wilson v. Wilkinson*, 2002 WL 123580 at *1 (6th Cir. Jan. 28, 2002) (applying this standard to the evaluation of a motion for temporary restraining order). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm

to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp. II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Mich. Bell Tel. Co. v. MFS Intelenet of Mich., Inc.*, 16 F. Supp. 2d 828, 831 (W.D. Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to demonstrate that he is being threatened with harm for which there exists no legal remedy. The harm from which Plaintiff seeks relief is remediable through the legal process. Plaintiff has failed to establish that he will suffer irreparable harm in the absence of injunctive relief. He has likewise failed to establish that he is likely to prevail on the merits of his various claims. Furthermore, the Court does not discern how granting Plaintiff's motion would serve the public interest. In short, Plaintiff is not entitled to the relief sought.

**ACCORDINGLY, IT IS HERE ORDERED** that Plaintiff's Motion for Temporary Restraining Order, or in the alternative, Preliminary Injunction (Dkt. No. 19) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 29, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |