UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SMOTHERS,                              Case No. 1:06-CV-119

    Plaintiff,                              Hon. Richard Alan Enslen

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*
                                          **OPINION**
    Defendants.        /

    This matter is before the Court on Plaintiff Ronald Smothers' Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of February 21, 2007 ("Report"), which recommends granting Defendants' Motion to Dismiss, and dismissing Plaintiff's case in its entirety. This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Upon review, the Court determines the Objection should be denied for the reasons set forth in the Report. The United States Supreme Court's decision in *Woodford v. Ngo*, 126 S. Ct. 2378 (U.S. 2006), overruled the Sixth Circuit Court of Appeals' decision in *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003) and held that "the exhaustion requirement is not satisfied by the filing of an untimely or otherwise procedurally defective administrative grievance." *Woodford*, 126 S. Ct. at 2384, 2386. Plaintiff asserts in his Objection that *Woodford* should not apply to bar his claims against Defendants Mary Fate and Nancy Klinesmith because his first grievances against Defendants were timely and it was only because prison officials ignored the grievances that he was forced to file the second set of grievances which were rejected as untimely. (*See* Compl. Ex. 5 & Ex. 7.) However, under Michigan Department of Corrections policy, if a prisoner "does not receive a timely

response" to a grievance, he may appeal that matter to the Step II in the grievance process. *See* Mich. Dep't of Corr., Policy Directive 03.02.130 ¶ R. Plaintiff admits he did not file a Step II grievance against Defendants Fate or Klinesmith after failing to receive a response. Therefore, Plaintiff failed to follow the policy set forth by the MDOC to proceed to the next step in the grievance process. Accordingly, pursuant to *Woodford* the exhaustion requirement has not been met.

Plaintiff objects to the Report's finding that his grievances against Defendant Willie Smith alleging the lockdown violated the rights of a group of unspecified prisoners did not satisfy the exhaustion requirement. (See Compl. Ex. 1, Grievance Number ICF 05-09-1254-28K). Plaintiff's Step I grievance was denied because prisoners are not permitted to submit joint or group grievances. See Mich. Dep't of Corr., Policy Directive 03.02.130 ¶ F. Plaintiff asserts he cannot be required to exhaust his administrative remedies regarding non-grievable issues. *See Figel v. Bouchard*, 89 Fed. App. 970 (6th Cir. 2004) (unpublished opinion) (holding administrative remedies are not required to be exhausted when the issue is non-grievable.) The Court agrees. However, although this issue was non-grievable, its exhaustion is not required for the reason that this grievance does not support any claim made by Plaintiff against Defendant Smith. Rather, this grievance relates to the lockdown of the prison in which Plaintiff asserts he initially grieved and was then retaliated against in violation of his rights. Therefore, this grievance is not relevant for determining whether he exhausted his administrative remedies as to Defendant Smith in this action, and the Report shall be modified to reflect this fact.

Plaintiff also objects to the Reports' recommendation that the claims against Defendant Smith be dismissed. Plaintiff argues that his 42 U.S.C. § 1983 claim is proper because he has alleged Defendant Smith's direct involvement in Plaintiff's transfer. However, after careful review

of the record, the Court finds Plaintiff has not alleged any personal involvement by Defendant Smith in relation to Plaintiff's transfer and therefore, his claim of retaliation against Defendant Smith fails. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (holding liability cannot be based on passive behavior.)

Plaintiff also objects to the Report's finding that his due process claim against Defendant Smith fails because he was not entitled to a hearing prior to his transfer to the transition unit. Plaintiff argues he was entitled to a hearing based on Defendants' claim his transfer was pursuant to a violation of house rules. However, the fact remains that Plaintiff was moved to a different general population unit, not administrative segregation, for less than one month. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that to determine whether there is a liberty interest which gives rise to federal due process protection, the Court must determine if the action imposes an "atypical and significant" hardship on an inmate "in relations to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998). The Sixth Circuit has held a placement in administrative segregation does not present such a case. *See Jones*, 155 F.3d at 812-23 (holding two years in administrative segregation was not atypical or significant). In the present action, Plaintiff's transfer was not to administrative segregation and was not an atypical or significant hardship. Plaintiff has also failed to show he was entitled to a hearing where he admits he never received a major or minor misconduct. Therefore, Plaintiff's due process claim and retaliation claim fail as a matter of law.

For these reasons, the Court will deny Plaintiff's Objection to the Report and adopt and modify the Report. The Court will also dismiss Plaintiff's Complaint with prejudice for failure to

state a claim.  Further, the Court certifies that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>April 27, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |